IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION |
| ) | |
| Plaintiff, ) | CRIMINAL NO.: 24-251 (CVR) |
| ) | |
| v. ) | VIOLATIONS: |
| ) | 38 C.F.R. § 1.218(a)(4) |
| ANGEL URBINA, ) | 38 C.F.R. § 1.218(b)(6) |
| ) | 38 C.F.R. § 1.218(a)(5) |
| Defendant. ) | 38 C.F.R. § 1.218(b)(11) |
| ) | |
| _____ ) | |

THE UNITED STATES CHARGES THAT:

*[Stamp: RECEIVED & FILED CLERK'S OFFICE JUL 29 2024 US DISTRICT COURT SAN JUAN, PR]*

## COUNT 1

### FAILURE TO COMPLY WITH SIGNS OF A DIRECTIVE AND RESTRICTIVE NATURE POSTED FOR SAFETY PURPOSES

On or about September 6, 2022, in the District of Puerto Rico, the defendant ANGEL URBINA did, while present in the San Juan Veterans Affairs Medical Center, knowingly fail to comply with a sign of a prohibitory and directory nature posted for safety purposes, to wit: refusing to follow a sign directing that each patient and guest entering the San Juan Veterans Affairs Medical Center wear a surgical mask while present there. All in violation of 38 C.F.R. § 1.218(a)(4) and 38 C.F.R. § 1.218(b)(6).

1

## COUNT 2

## DISORDERLY CONDUCT TENDING TO IMPEDE AND PREVENT THE NORMAL OPERATION OF A SERVICE AND OPERATION OF THE FACILITY

On or about September 6, 2022, in the District of Puerto Rico, the defendant ANGEL URBINA did, while present in the San Juan Veterans Affairs Medical Center, knowingly engage in conduct which created loud and unusual noise; and which unreasonably obstructed the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, and parking lots; and conduct which otherwise impeded and disrupted the performance of official duties by Government employees; which prevented one from obtaining medical and other services provided on the property in a timely manner; and the use of loud, abusive, and otherwise improper language, to wit: refusing to comply with a VA employee's request to wear an appropriate facemask (surgical or cloth); continuing to walk into the VA facility without an appropriate facemask (surgical or cloth) after being told to wear one; raising his voice and telling a police officer in a loud and boisterous voice that he would not wear a facemask, and loudly saying that he would stay in the facility; refusing to accompany a police officer to a police operations room when requested to do so; raising his voice and telling a police officer that he would not go to the police operations room unless he was arrested and taken there; raising his voice and demanding to be left alone while pointing his finger at a police officer; and refusing requests from police officers to put on an appropriate (surgical or cloth) facemask. All in violation of 38 C.F.R. §

1.218(a)(5) and 38 C.F.R. § 1.218(b)(11).

        W. STEPHEN MULDROW
        United States Attorney

        */s/*

        TIMOTHY R. HENWOOD
        ASSISTANT U.S. ATTORNEY
        CRIMINAL CHIEF

        */s/*

        JOHN D. LARKIN
        SPECIAL ASSISTANT U.S. ATTORNEY